IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| TANDI WAGNER and KRISTI RAMIREZ, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:17-CV-264-M-BQ |
| | § | |
| FEDEX FREIGHT, INC., | § | |
| | § | |
| Defendant. | § | |

## FINDINGS, CONCLUSIONS, AND
## RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiffs Tandi Wagner and Kristi Ramirez (Plaintiffs) filed a Motion to Remand (ECF No. 8), to which Defendant FedEx Freight, Inc. has filed its response. ECF No. 9. Plaintiffs have also filed a reply. ECF No. 10.

Pursuant to 28 U.S.C. § 636(b) and a standing order of reference (*see* ECF No. 5), United States Chief District Judge Barbara M. G. Lynn referred this case to the United States Magistrate Judge for pretrial management. In accordance with the order of reference, the undersigned issues the following findings of fact and conclusions of law, and **RECOMMENDS** that the United States District Court deny Plaintiffs' Motion to Remand for the reasons explained below.

### I.    Background

On October 31, 2017, Plaintiffs filed their Original Petition and Jury Demand in the 72nd District Court of Lubbock County, Texas. Def.'s Notice of Removal, App., at 2–6 (ECF No. 1-1) [hereinafter Pls.' Original Pet.]. Through their Petition, Plaintiffs allege that Defendant's gross negligence proximately caused the death of their father, Michael Merton. *Id.* at 2–3. Specifically, Plaintiffs claim that on October 17, 2017, Merton was working inside an airplane owned and

1

operated by Defendant, when he was crushed and killed. *Id.* at 3–5. Plaintiffs seek an award of exemplary damages for Defendant's alleged gross negligence. *Id.* at 4–5.

On November 20, 2017, Defendant timely removed the case to this court, asserting federal jurisdiction under 28 U.S.C. §§ 1332 and 1441. Def.'s Notice of Removal, at 1–2 (ECF No. 1). Defendant contends that the court possesses diversity jurisdiction because Plaintiffs are citizens of the State of Texas, Defendant is an Arkansas corporation with its principal place of business in Tennessee, and the amount in controversy exceeds $75,000. *Id.*

On October 17, 2017, Plaintiffs timely filed the instant Motion to Remand, arguing that because their claim for gross negligence arises under Texas's workers' compensation laws—specifically, Texas Labor Code § 408.001(b)—this action is non-removable under 28 U.S.C. § 1445(c). Pls.' Mot. to Remand, at 2 (ECF No. 8). In response, Defendant argues that Plaintiffs did not plead a cause of action pursuant to Texas Labor Code § 408.001 in their Original Petition; thus, their claim cannot "arise under" Texas's workers' compensation laws. Def.'s Resp., at 2–4 (ECF No. 9). Defendants further contend that even if Plaintiffs pleaded a cause of action under the Texas Labor Code, § 408.001(b) does not create an independent cause of action for gross negligence, but instead merely saves or preserves a pre-existing one under the Texas Wrongful Death Act. *Id.* at 4. As a result, Plaintiffs' claim for gross negligence does not "arise under" Texas's workers' compensation laws and is properly removable. *Id.* at 4–9. In their reply, Plaintiffs acknowledge they could have pleaded their claim more clearly, but reiterate that they solely seek exemplary damages for Defendant's gross negligence under § 408.001(b), which "creates a potential for recovery" after Section 408.001(a) "kill[ed] all other causes of action against subscribers . . . ." Pls.' Reply, at 2 (ECF No. 10). For this same reason, Plaintiffs argue their claim could not arise under the wrongful death statute because it only authorizes a claim

where the injured individual, had he lived, would have been entitled to bring an action. *Id.* Citing several federal district court opinions for further support, Plaintiffs assert that § 408.001(b) creates a cause of action for the recovery of exemplary damages, and their claim therefore "arises under" Texas's workers' compensation laws and is non-removable. *Id.* at 4–9.

## II.    Legal Standard

Under 28 U.S.C. § 1441(a), "[e]xcept as otherwise expressly provided by Act of Congress," a defendant may remove to federal court an action filed in state court if the action could have originally been filed in the federal forum. Thus, a civil action is removable to federal court under § 1441(a) unless another congressional provision prohibits such removal. *See Sherrod v. Am. Airlines, Inc.*, 132 F.3d 1112, 1118 (5th Cir. 1998).

Courts strictly construe § 1441 "because a defendant's use of that statute deprives a state court of a case properly before it and thereby implicates important federalism concerns." *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997) (citing *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365 (5th Cir. 1995)). The removing party therefore bears the burden of establishing that the court possesses federal jurisdiction and that removal is proper. *See, e.g., Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing several cases for support); *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (citing *Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 253–54 (5th Cir. 1961)); *see also Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 397 (5th Cir. 1998) (citing several cases for support) (noting that "when faced with a motion to remand, it is the defendant's burden to establish the existence of federal jurisdiction over the controversy"). To determine whether removal jurisdiction exists, a court must consider the claims in a plaintiff's state court petition as they exist at the time of removal. *See Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6

(2003); *Manguno*, 276 F.3d at 723 (citing *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995)). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Manguno*, 276 F.3d at 723 (citing *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).

### III.   Discussion

Plaintiffs contend that their claim for gross negligence "arises under" § 408.001(b) of the Texas Workers' Compensation Act (TWCA) and is therefore non-removable under § 1445(c). Pls.' Mot. to Remand, at 1–3. Defendant, on the other hand, maintains that "§ 408.001(b) does not create an independent cause of action, but rather acts to save a pre-existing cause of action for wrongful death under that separate statute." Def.'s Resp., at 8. As the removing party, Defendant bears the burden of demonstrating that Plaintiffs' claim does not "arise under" the TWCA for the purposes of 28 U.S.C. § 1445(c). *See, e.g.*, *Manguno*, 276 F.3d at 723. As discussed below, the court finds that Defendant has met its burden.

**A.   Plaintiffs' claim for gross negligence does not "arise under" the TWCA for the purposes of 28 U.S.C. § 1445(c).**

Plaintiffs move to remand this case under 28 U.S.C. § 1445(c), which provides that "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." For the purposes of § 1445(c), "[a] suit arises under the law that creates the cause of action." *Jones v. Roadway Express, Inc.*, 931 F.2d 1086, 1092 (5th Cir. 1991) (internal quotations omitted) (quoting *Lowe v. Ingalls Shipbuilding*, 723 F.2d 1173, 1178 (5th Cir. 1984)) (defining § 1445(c)'s "arising under" standard in the same way the court has defined it in 28 U.S.C. § 1331); *but see Gomez v. O'Reilly Auto. Stores, Inc.*, 283 F. Supp. 3d 569, 572 (W.D. Tex. 2017) (noting that "wholesale application of the case-law construction of § 1331 to § 1445(c)," as the Fifth Circuit has so instructed, "gives rise to several

4

difficulties"). Federal law, as opposed to state law, governs the construction of the term "arising under" in § 1445(c). *Jones*, 931 F.2d at 1092. The Fifth Circuit has generally stated that courts should interpret the "arising under" standard expressed in § 1445(c) broadly, "in order to further Congressional intent toward maintaining state court jurisdiction over worker's compensation cases filed in state court." *Sherrod*, 132 F.3d at 1118 (citing *Jones*, 931 F.2d at 1092); *see Patin v. Allied Signal, Inc.*, 77 F.3d 782, 787 (5th Cir. 1996) (citing *Jones*, 931 F.2d at 1092) ("We begin by reiterating a basic rule of this circuit that the 'arising under' standard expressed in § 1445(c) should be interpreted broadly and in a manner consistent with our interpretation of that standard under § 1331, which governs federal question jurisdiction."); *Jones*, 931 F.2d at 1092 ("Because Congress intended that all cases arising under a state's workers' compensation scheme remain in state court, we believe that we should read section 1445(c) broadly to further that purpose."). Despite such jurisprudential imperatives favoring remand, the court finds that the claim asserted herein falls outside § 1445(c)'s reach, and that Plaintiffs' Motion to Remand should be denied.

### 1.   *The plain language of § 408.001(b) demonstrates that Plaintiffs' claim does not "arise under" the TWCA.*

Plaintiffs' Original Petition asserts a single cause of action for gross negligence against Defendant. Plaintiffs never cite to the TWCA in their Petition;[1] they acknowledge, however, that "[a]t all times relevant to the events made the basis for this suit, Defendant was a 'subscriber' to workers' compensation insurance coverage in accordance with the Texas Labor Code . . . ." Pls.' Original Pet., at 3. Texas Labor Code § 408.001 provides as follows:

---

[1] Defendant argues that Plaintiffs' failure to cite Texas Labor Code § 408.001(b) in their Original Petition, standing alone, requires a finding that Plaintiffs' claim does not arise under the TWCA. *See* Def.'s Resp., at 2–3. As set forth herein, the court concludes that Plaintiffs' gross negligence claim arises under a source of law other than the TWCA, thereby causing the court to reach the same conclusion regardless of how Plaintiffs pleaded their claim.

5

(a) Recovery of workers' compensation benefits is the exclusive remedy of an employee covered by workers' compensation insurance coverage or a legal beneficiary against the employer or an agent or employee of the employer for the death of or a work-related injury sustained by the employee.

(b) This section does not prohibit the recovery of exemplary damages by the surviving spouse or heirs of the body of a deceased employee whose death was caused by an intentional act or omission of the employer or by the employer's gross negligence.

(c) In this section, "gross negligence" has the meaning assigned by Section 41.001, Civil Practice and Remedies Code.

\*      \*      \*

Tex. Lab. Code Ann. § 408.001(a)–(c) (West 2015).  In other words, an employee who is injured or killed on the job and is covered by workers' compensation insurance cannot seek recovery from an employer other than through the remedies and procedures provided by the TWCA. § 408.001(a); *see also Patterson v. Mobil Oil Co.*, 335 F.3d 476, 480 (5th Cir. 2003) ("Under Texas's [workers' compensation] scheme, employees covered by subscriber-purchased policies receive compensation on a no-fault basis, and, in exchange, subscribing employers benefit from an exclusive remedy provision.").  Section 408.001(b) does not prohibit the recovery of exemplary damages, however, by the surviving spouse or heirs of a deceased employee whose death was caused by the employer's intentional act or gross negligence.

Plaintiffs argue that § 408.001(b) creates an independent cause of action for gross negligence, thus requiring a finding that their claim arises under the TWCA. Pls.' Reply, at 5, 9. The statute is notably silent as to whether a gross negligence claim originates under the TWCA or from some other source of law.  *See* Tex. Lab. Code Ann. § 408.001(b); *see also Poljanec v. Home Depot U.S.A. Inc.*, No. SA-14-CV-318-XR, 2014 WL 2050946, at \*2 (W.D. Tex. May 19, 2014) ("[I]f the cause of action came from the statute one would expect the statute to say so."). The plain language of § 408.001(b), however, suggests that the TWCA merely preserves—rather than

creates—a cause of action for gross negligence.  Instead of conferring upon a potential plaintiff the right to sue for gross negligence, § 408.001(b) simply provides that a surviving spouse and heirs are not prohibited from recovering exemplary damages for the wrongful death of an employee.  *See* § 408.001(b) ("This section *does not prohibit* the recovery of exemplary damages . . . ." (emphasis added)); *see Ross v. Union Carbide Corp.*, 296 S.W.3d 206, 214 (Tex. App.—Houston [14th Dist.] 2009, pet. denied) (en banc).  The most natural reading of the statute is that § 408.001(b) assumes a right to sue for wrongful death already exists—i.e., it does not confer an independent cause of action for exemplary damages upon a plaintiff, but instead preserves a tort claim that arises elsewhere.

A brief examination of the history of the Texas Constitution, the Texas Wrongful Death Act,[2] and the TWCA further supports this construction.

### 2.     *The history of the Texas Wrongful Death Act, Texas Constitution, and TWCA demonstrates that Plaintiffs' claim does not arise under the TWCA.*

At common law, wrongful death was considered "a criminal matter and not cognizable in a civil court."  *Travelers Indem. Co. of Ill. v. Fuller*, 892 S.W.2d 848, 850 (Tex. 1995) (citing *Baker v. Bolton*, 1 Camp. 493, 170 Eng. Rep. 1033 (1808)).  In 1860, however, Texas abolished the common law bar against exemplary damages and adopted a wrongful death act.  *Id.*  Under the

---

[2] This court examines the relationship between § 408.001(b) and the Wrongful Death Act in determining which provision Plaintiffs' claim "arises under" for two reasons.  First, Plaintiffs have asserted both grounds in support of their claim asserted herein.  *See* Pls.' Original Pet., at 3 (Plaintiffs "bring[] this action pursuant to § 71.001, *et. seq.*, of the Texas Civil Practice and Remedies Code, commonly referred to as the 'Wrongful Death Act.'"); Pls.' Mot. to Remand, at 2 (arguing that their gross negligence claim arises under Texas Labor Code § 408.001(b)).  Second, and regardless of how Plaintiffs framed their allegations, as illustrated in the court's examination of the conflicting case law on this issue, most if not all courts look to these two sources in evaluating claims brought by an employee's survivors against an employer for gross negligence resulting in death.  *See, e.g., Callis v. Union Carbide Chem. & Plastics Corp.*, 932 F. Supp. 168, 170–71 (S.D. Tex. 1996) ("While the Workers' Compensation Act *generally* provides the exclusive remedy for work-related injuries, it does not prohibit the recovery of exemplary damages under the Wrongful Death Act for gross negligence resulting in death." (emphasis in original)).

Wrongful Death Act, a decedent's spouse, children, or parents could bring a cause of action for "the death of *any* person," including an employee, "caused by the wrongful act, negligence, unskillfulness or default of another."[3]  Act approved Feb. 21, 1879, 16th Leg., R.S., ch. 52, § 2, 1879 Tex. Gen. Laws 41, 41, *reprinted in* 9 H.P.N. Gammel, *The Laws of Texas 1822–1897*, at 842 (Austin, Gammel Book Co. 1898).  In other words, after the passage of the Wrongful Death Act, a deceased employee's spouse or heirs could sue an employer for damages resulting from an on-the-job death.[4]  *See, e.g., Hugo, Schmeltzer & Co. v. Paiz*, 141 S.W. 518, 520 (Tex. 1911) (explaining that a private corporation may be held liable under the Wrongful Death Act for its negligence resulting in the death of an employee); *Hous. & T.C.R. Co. v. Loeffler*, 51 S.W. 536, 536 (Tex. Civ. App. 1899, writ dism'd) (addressing appeal filed by wife to recover damages for the death of her husband, who was killed on the job).

Following enactment of the Wrongful Death Act, courts disagreed as to whether a plaintiff could obtain punitive damages under the act.  *Fuller*, 892 S.W.2d at 850.  Consequently, after the Act's passage, the Texas Constitution was amended "to allow for punitive damages in favor of

---

[3] The initial Wrongful Death Act permitted suit only against a common carrier, and did not explicitly provide for the recovery of exemplary damages. *See* Act approved Feb. 2, 1860, 8th Leg., R.S., ch. 35, § 1, 1860 Tex. Gen. Laws 32, 32, *reprinted in* 4 H.P.N. Gammel, *The Laws of Texas 1822–1897*, at 1394 (Austin, Gammel Book Co. 1898).  The Texas legislature later amended the Wrongful Death Act to permit qualified persons to recover against anyone—not just common carriers—who caused an injury that resulted in an individual's death. *See, e.g.,* Act approved Feb. 21, 1879, 16th Leg., R.S., ch. 52, § 2, 1879 Tex. Gen. Laws 41, 41, *reprinted in* 9 H.P.N. Gammel, *The Laws of Texas 1822–1897*, at 842 (Austin, Gammel Book Co. 1898).  In response to a Texas constitutional amendment, the legislature, no later than 1879, also included a provision to explicitly provide for the recovery of exemplary damages "caused by the willful act or omission, or gross negligence of the defendant." *Id.*  Although the legislature subsequently amended the statutory provision, making minor changes to the wording and clarifying the available damages, the basic import remained the same—qualified persons could bring a suit for damages for the death of a person, including an employee.

[4] An injured employee could likewise sue an employer in tort. *See, e.g., Galveston, Hous. & S.A. Ry. Co. v. Bonn*, 99 S.W. 413, 414–15 (Tex. Civ. App. 1907, writ ref'd).

wrongful death beneficiaries." *Id.* Article XVI, section 26 of the Texas Constitution, which is similar to the provision adopted in 1869,[5] provides:

> Every person, corporation, or company, that may commit a homicide, through wilful [sic] act, or omission, or gross neglect, shall be responsible, in exemplary damages, to the surviving husband, widow, heirs of his or her body, or such of them as there may be, without regard to any criminal proceeding that may or may not be had in relation to the homicide.

This provision clarified and confirmed that exemplary damages are available to plaintiffs—the spouse and/or heirs of the deceased—"under the Wrongful Death Act." *Fuller*, 892 S.W.2d at 851–52.

Cognizant of this constitutional provision, the Texas legislature enacted the first workers' compensation act in 1913, which contained language similar to Texas Labor Code § 408.001(b).[6] *Bridges v. Phillips Petroleum Co.*, 733 F.2d 1153, 1154–55 (5th Cir. 1984). After passage of the TWCA, an employee's exclusive remedy for injuries on the job lay in the TWCA's provisions, save for claims of gross negligence by a deceased employee's spouse and heirs against the employer. *See id.* Essentially, despite restricting the method and manner in which an employee could recover damages for an on-the-job injury, the TWCA did not preclude a deceased

---

[5] Article 12, § 30 of the Texas Constitution of 1869 provided: "Every person, corporation, or company, that may commit a homicide through willful act, or omission, shall be responsible in exemplary damages, to the surviving husband, widow, heirs of his or her body, or such of them as there may be, separately and consecutively, without regard to any criminal proceeding that may or may not be had in relation to the homicide." *Constitution of the State of Texas 1869*, Tarlton Law Library, https://tarltonapps.law.utexas.edu/constitutions/texas1869 (last visited Mar. 27, 2018).

[6] Texas Revised Civil Statute Annotated article 8306, § 5 (the original workers' compensation statute) provided as follows:

> Nothing in this law shall be taken or held to prohibit the recovery of exemplary damages by the surviving husband, wife, heirs of his or her body, or such of them as there may be of any deceased employe [sic] whose death is occasioned by homicide from the wilful [sic] act or omission or gross negligence of any person, firm or corporation from the employer of such employe [sic] at the time of the injury causing death of the later.

Section 408.001(b) became effective September 1, 1993.

employee's spouse and heirs from pursuing an exemplary damages claim—a cause of action that existed prior to the passage of the TWCA—because the Texas Constitution expressly recognizes such a right to recover damages.[7] *See Trinity Cty. Lumber Co. v. Ocean Accident & Guar. Corp., Ltd.*, 228 S.W. 114, 117–18 (Tex. Comm'n App. 1921, judgm't adopted) ("It is thus apparent that the [TWCA] does not impose liability for exemplary damages. It does not alter in this respect the liability of the employer prior to the passage of the [TWCA]. It neither adds to nor takes from such liability, but leaves the law with reference thereto *as it stood before the passage of the act and subject to the same defenses.*" (emphasis added)); *see also Johnson v. TDS Erectors Inc.*, 5:09–CV–128, 2010 WL 11530691, at *8 (E.D. Tex. Sept. 27, 2010) (quoting *Bridges*, 733 F.2d at 1154) ("The Texas Legislature, however, perceived a potential conflict between making worker's compensation an exclusive remedy and maintaining a surviving spouse's and children's abilities to pursue a wrongful death claim for exemplary damages as allowed by article XVI, § 26 of the Texas Constitution. Therefore, the legislature 'expressly exempted exemplary damages from the purview of the [Texas Workers' Compensation Act].'" (internal citation omitted)). Indeed, in *Bridges v. Phillips Petroleum Co.*, the Fifth Circuit acknowledged that "[s]uits for punitive damages do not normally escape the exclusiveness bar" of a workers' compensation act; however, "the [Texas] legislature in section 5 [§ 408.001(b)'s predecessor] of the statute expressly exempted

---

[7] Under the Texas Wrongful Death Act, a "surviving spouse, children, and parents of the deceased" may bring a claim. *See* Tex. Civ. Prac. & Rem. Code Ann. § 71.004. Texas Labor Code § 408.001(b), on the other hand, permits a deceased employee's spouse and heirs—not the deceased employee's parents—to recover exemplary damages. This does not alter the court's conclusion that § 408.001(b) preserves a wrongful death claim. Instead, the court finds that § 408.001(b) merely narrows the eligible claimants to the constitutionally mandated minimum. *See* Tex. Const. art. XVI, § 26 (providing that a person is liable for gross negligence "to the surviving husband, widow," and/or heirs of the deceased). Stated differently, although § 408.001(b) more narrowly defines the persons eligible to seek damages for wrongful death, it nevertheless does not create the cause of action, but merely acts to restrict its scope. *See generally Good v. Tyson Foods, Inc.*, 06-CV-2003-LRR, 2006 WL 581143, at *2 (N.D. Iowa Mar. 7, 2006) (noting that an employee's Iowa state law claim for gross negligence of her co-worker was restricted, but not established, by Iowa's workers' compensation statute).

exemplary damages from the purview of the [TWCA]" because the Texas Constitution requires it. 733 F.2d at 1154.

Thus, when the Texas legislature adopted the TWCA in 1913, a deceased employee's spouse and heirs could sue the employer for gross negligence—the TWCA did not create this cause of action, but merely preserved it, in accordance with the dictates of the Texas Constitution and relief authorized through the Wrongful Death Act.

### 3. The statutory structure of the TWCA indicates that § 408.001(b) does not "arise under" the TWCA for the purposes of § 1445(c).

The court's reading of § 408.001(b) is further supported by the purpose of the TWCA and its statutory structure. The Texas legislature enacted the TWCA to expediently resolve injured workers' claims. *See, e.g.*, *Wingfoot Enters. v. Alvarado*, 111 S.W.3d 134, 142 (Tex. 2003) (quoting *Hughes Wood Prods., Inc. v. Wagner*, 18 S.W.3d 202, 206 (Tex. 2000)). Under the TWCA, employees are relieved "of the burden of proving their employer's negligence," and in exchange, an employee is prohibited "from seeking common-law remedies from his employer," including an action for gross negligence resulting in his or her death. *Id.* (quoting *Wagner*, 18 S.W.3d at 206–07). The TWCA outlines complex administrative procedures for resolving injured workers' claims, e.g., defining the types of benefits and computation for such benefits, detailing the procedures an employee must follow to file a claim, and detailing an administrative process for adjudicating disputes. *See* Tex. Lab. Code Ann. §§ 408.001–.222, 409.001–.024, 410.001–.308; *see also Gomez*, 283 F. Supp. 3d at 573 (describing the TWCA's comprehensive statutory structure). "Such an extensive regulatory framework stands in stark contrast," however, to § 408.001(b)'s simple provision that it does not prohibit the recovery of exemplary damages. *Gomez*, 283 F. Supp. 3d at 573. That difference, in the court's view, indicates that a party must

look outside the TWCA's statutory framework for determining the elements of proof necessary to recover for an employer's gross negligence. *See id.*

Some decisions have rejected such a "source" approach, and found that claims for retaliatory discharge and bad faith, within the workers' compensation context, "arise under" workers' compensation law for purposes of § 1445(c). *See, e.g., Jones*, 931 F.2d at 1092 (concluding plaintiff's claim for retaliatory discharge arose under the TWCA because such claim "enables injured workers to exercise their rights under" Texas's workers' compensation scheme); *Almanza v. Transcon. Ins. Co.*, 802 F. Supp. 1474, 1479 (N.D. Tex. 1992) (explaining that a law's "functional relationship" to the TWCA, as opposed to the source of the state law, "determines whether the law 'arises under' the workers' compensation laws"). In such cases, the courts have noted that the provision in question advances the purpose of, and therefore arises under, the TWCA. *See, e.g., Jones*, 931 F.2d at 1092 (explaining that the Texas legislature provided a cause of action for retaliatory discharge to "safeguard its workers' compensation scheme," and without such a cause of action "the legislature's elaborate workers' compensation scheme would be adversely affected"); *Alamanza*, 802 F. Supp. at 1479 (noting that Texas has a strong interest in vindicating bad faith claims within the workers' compensation context).

Here, however, § 408.001(b) does not advance the purpose of the TWCA—i.e., to expediently resolve an injured employee's claim. It does not protect or enhance a worker's ability to obtain compensation benefits, nor does it generally safeguard the Texas workers' compensation system. *See Patin*, 77 F.3d at 788 (concluding workers' claims for breach of good faith and fair dealing do not "arise under" the TWCA in part because such claims are "independent of the administrative procedures applicable to a state workers' compensation claim"); *Arthur v. E.I. DuPont de Nemours & Co.*, 58 F.3d 121, 127–28 (4th Cir. 1995) (concluding employee's claim

12

under deliberate intent exception of West Virginia workers' compensation law did not "arise under" the state's workers' compensation laws where claim had "none of the administrative, no-fault characteristics associated with a workers' compensation claim" and was "not integrally related to the operation of West Virginia's workers' compensation system"). Instead, § 408.001(b) clarifies that a surviving spouse and heirs are not prohibited from recovering exemplary damages for an employer's gross negligence, consistent with the Texas Constitution's mandate and preexisting wrongful death legislation.

In sum, Plaintiffs' claim possesses none of the characteristics of a workers' compensation claim, and sounds in tort rather than in the administrative, no-fault nature of a workers' compensation claim.

### 4. State and federal case law supports the court's conclusion that the TWCA does not create a cause of action for gross negligence.

Several Texas and federal court opinions further support the court's conclusion that the TWCA does not create an independent cause of action for exemplary damages. In *Duhart v. State*, for example, the Texas Supreme Court explicitly stated that "Section 5 of Article 8306 [a closely worded predecessor to § 408.001(b)] does not create a cause of action for exemplary damages, *but merely saves an existing one* to the extent allowed by law."[8] 610 S.W.2d 740, 741–42 (Tex. 1980) (emphasis added). In *Bridges*, the Fifth Circuit cited *Duhart* affirmatively, explaining that Texas Revised Civil Statute Annotated article 8306, § 5 "[did] not create a cause of action for exemplary damages." 733 F.2d at 1155. Instead, it "merely save[d] an existing cause of action in order to

---

[8] Admittedly, the Texas Supreme Court dealt with considerations that do not exist here (i.e., whether plaintiffs' claim for exemplary damages against the State of Texas was barred by sovereign immunity), and the court specifically acknowledged that plaintiffs were not bringing their suit under the TWCA. *See Duhart*, 610 S.W.2d at 741–43. The court nevertheless finds the *Duhart* case instructive.

comply with art. XVI, § 26 of the Texas Constitution." *Id.*; *see also Bonner v. Tex. Co.*, 89 F.2d 291, 292 (5th Cir. 1937) ("Compensation was paid under the [TWCA], but the Texas Constitution, art. 16, Sec. 26, gives an action for exemplary damages against 'every person, corporation, or company, that may commit a homicide, through wilful act, or omission, or gross neglect'; and the Workmen's Compensation Law, Rev. Civ. Stats. art. 8306, Sec. 5, *preserves this action* notwithstanding compensation may be paid." (emphasis added)).

Similarly, the defendant in *Callis v. Union Carbide Chemical & Plastics Corp.* argued that a deceased employee's surviving spouse and heirs were prohibited from recovering exemplary damages for its alleged gross negligence that resulted in the employee's death. 932 F. Supp. at 169. The district court rejected the defendant's argument, noting that "[o]n its face, Section 408.001(b) excepts from the exclusivity bar [of § 408.001(a)] the recovery of exemplary damages for intentional acts *or* gross negligence." *Id.* at 171 (emphasis in original). The plaintiffs could therefore pursue a cause of action for exemplary damages under the Wrongful Death Act. *Id.* at 170–71. The court further explained that the Wrongful Death Act creates the "antecedent cause of action to be 'saved'" by § 408.001(b). *Id.* at 171. In other words, § 408.001(b) preserves an existing cause of action for the recovery of exemplary damages under the Wrongful Death Act for an employer's gross negligence resulting in the death of an employee.[9] *Id.* at 171–72; *see also TDS Erectors Inc.*, 2010 WL 11530691, at *8 (citing *Callis*, 932 F. Supp. at 170–71) ("The existing cause of action saved by § 408.001(b) is one under the Texas Wrongful Death Act.").[10]

---

[9] As in the case at bar, the plaintiffs in *Callis* "[did] not specifically allege the statutory bases for their claims against Defendant," but in later pleadings to the court, the plaintiffs "impl[ied] that they have a cause of action under both the Wrongful Death Act and the Workers' Compensation Act." 932 F. Supp. at 171 n.6.

[10] *Callis*, along with many of the cases set forth in sections 2 and 4 herein, also rebuts Plaintiffs' argument that their claim arises under § 408.001(b) because the Wrongful Death Act would otherwise bar their claim. *See* Pls.' Reply, at 2 (citing Tex. Civ. Prac. & Rem. Code Ann. § 71.003(a)) (arguing that this provision authorizes a wrongful death

In addition, a Texas court of appeals in *Ross v. Union Carbide Corp.* held that "section 408.001(b) of the [TWCA] does not create a nonderivative cause of action for exemplary damages independent of the Wrongful Death Act." 296 S.W.3d at 214. In *Ross*, Homer Ross and his wife sued numerous asbestos manufacturers under theories of strict liability, negligence, and gross negligence, for asbestos-related injuries sustained by Ross. *Id.* at 209. Ross and his wife subsequently signed a release agreement which settled their claims and barred future claims against the manufacturers and Ross's employer, including claims brought under the Wrongful Death Act.[11] *Id.* at 209–11. Ross died two years later, and despite the settlement agreement, his wife and children brought an exemplary damages claim for the alleged gross negligence of Ross's former employer. *Id.* at 211. Ross's wife and children argued that the release did not bar their gross negligence claim as they were pursuing it under article XVI, § 26 of the Texas Constitution and Texas Labor Code § 408.001(b)—not the Wrongful Death Act. *Id.* They asserted that their claim could not have arisen until Ross's death; thus, they could recover exemplary damages under the

---

action only where decedent could have brought the claim had he lived, and concluding that Plaintiffs' claim must therefore arise under § 408.001(b) because the TWCA otherwise "kills" all other causes of action an employee may have against his subscribing employer). As noted above, the Wrongful Death Act creates the "antecedent cause of action to be 'saved'" by § 408.001(b). *Callis*, 932 F. Supp. at 171–72 (stating that § 408.001(b) preserves an existing cause of action for the recovery of exemplary damages under the Wrongful Death Act for an employer's gross negligence resulting in the death of an employee). The *Callis* court also specifically rejected the employer's argument that the Wrongful Death Act barred plaintiffs' claim based on the employee's inability to pursue such a claim in his lifetime, in part on the basis that under the TWCA an employee has a right to recover compensatory damages, "albeit damages which are carefully circumscribed by the Texas Labor Code." *Id.* at 169–70, 171–72 ("The court sees no reason why the statutory remedy outlined in the Texas Labor Code could not form the necessary compensatory damages springboard and thereby allow recovery of exemplary damages.") (quoting *Cowen v. Mobil Oil Corp.*, 901 F. Supp. 1204, 1206 (E.D. Tex. 1995)).

In addition, as more fully detailed in section 3 above, Plaintiffs' interpretation does not change the fact that § 408.001(b) fails to advance TWCA's purpose, i.e., to expediently resolve an injured employee's claim and protect the workers' compensation system, which thereby forecloses a finding that it arises under workers' compensation law for purposes of § 1445(c).

[11] Although Ross and his wife did not sue Ross's employer, his employer was a party to the settlement and release. *Ross*, 296 S.W.3d at 209.

TWCA and the Texas Constitution. *Id.* at 212–13. The court of appeals disagreed, explaining as follows:

> [S]ection 408.001(b) of the Workers' Compensation Act does not purport to create an independent cause of action, but instead identifies an exception to the Act's exclusivity provision. Stated differently, section 408.001(a) explains what the Workers' Compensation Act does—i.e., it provides an exclusive remedy for covered employees and their beneficiaries, substituting the right to statutory benefits for the right to recover actual damages from the worker's employer—and section 408.001(b) explains what the Act does not do—i.e., it does not prohibit certain of a covered employee's survivors from recovering exemplary damages from an employer who caused the employee's death through its intentional act or omission or its gross negligence.

*Id.* at 214 (citations omitted). The *Ross* court concluded that the TWCA did not create an independent cause of action under which Ross's wife and children could bring their claim, and explained "that neither article XVI, section 26 of the Texas Constitution nor section 408.001(b) of the [TWCA], alone or in conjunction with one another, creates a nonderivative cause of action that may be asserted independently from the Wrongful Death Act." *Id.* at 216–17. Thus, the foregoing state court opinions further confirm that § 408.001(b) does not create a cause of action for exemplary damages.

The analysis and holdings of several federal district courts also support the finding that § 408.001(b) claims do not arise under the TWCA. In *Poljanec v. Home Depot U.S.A. Inc.* and *Gomez v. O'Reilly Automotive Stores*, the courts concluded that gross negligence and negligence claims, respectively, against non-subscribing employers, do not arise under the TWCA. *See Gomez*, 283 F. Supp. 3d at 573–74 (negligence); *Poljanec*, 2014 WL 2050946, at *4 (gross negligence); *see also Mayes v. Home Depot USA, Inc.*, Civil Action No. 4:15-CV-02390, 2015 WL 9319238, at *1–2 (S.D. Tex. Dec. 23, 2015) (concluding that § 1445(c) did not prohibit removal of plaintiff's negligence claim against non-subscribing employer under Texas Labor Code § 406.033 because § 406.033 merely modified, but did not create, a cause of action). In *Poljanec*,

16

the court reasoned that although "a negligence claim must 'proceed within the parameters' of the TWCA [in a non-subscriber case], that alone is insufficient to find that such a claim 'arises under' the statute." 2014 WL 2050946, at *3. Similarly, in this case, the mere fact that § 408.001(b) permits (as it must under the Texas Constitution) Plaintiffs to seek exemplary damages for the gross negligence of an employer, does not, in and of itself, support the conclusion that such a claim arises under the TWCA. *See id.*

In *Good v. Tyson Foods, Inc.*, a federal district court considered whether plaintiffs' claim against co-employees for gross negligence arose under Iowa's workers' compensation laws. 2006 WL 581143, at *2. Finding that plaintiffs' claim amounted to a common law tort claim, the court reasoned that Iowa's workers' compensation law merely restricted the plaintiffs' ability to bring a negligence claim against a co-employee, thus requiring plaintiffs to demonstrate gross negligence to establish a cause of action. *Id.* at *2–3. Moreover, the court noted that whether plaintiffs prevailed on their claim "[did] not depend upon how Iowa [workers' compensation law] is construed." *Id.* at *3. Instead, the workers' compensation statute merely determined whether plaintiffs could bring their negligence claim under common law. *Id.* Ultimately, the court denied plaintiffs' motion to remand, concluding that plaintiffs' claim did not "arise under" Iowa's workers' compensation laws for the purposes of § 1445(c). *Id.* Likewise, in this case, whether Plaintiffs prevail on their gross negligence claim in this case is not determined by how § 408.001(b) is construed. Section 408.001(b) does not establish the cause of action, but merely provides that Plaintiffs are not precluded from bringing their claim. *See id.*

Finally, the court finds the Fourth Circuit's decision in *Arthur v. E.I. DuPont de Nemours & Co.* accords with its conclusion that § 408.001(b) preserves rather than establishes a cause of action. In *Arthur*, the Fourth Circuit considered whether plaintiffs' claim for an intentional tort

17

arose under the West Virginia Workers' Compensation Act. 58 F.3d at 123. Under West Virginia law, an employer is generally immune from an employee's suits for "'damages at common law or by statute' resulting from work-related injuries," except where the employer injured an employee with deliberate intent. *Id.* (quoting W. Va. Code § 23–2–6). Plaintiffs filed a motion to remand, arguing that their claim arose under West Virginia's workers' compensation laws and § 1445(c) therefore barred removal. *Id.* at 124. The district court disagreed and denied the motion, explaining that the state statute "merely limits the definition of deliberate intent"—it does not "eradicate the common law action itself or create a new statutory action supplanting it." *Id.*

The Fourth Circuit affirmed the district court, holding that the plaintiffs' claim did not arise under the West Virginia workers' compensation laws. *Id.* at 128. In so concluding, the court looked at the legislative history of § 1445(c), and defined the term "workmen's compensation laws" as it was understood in 1958—the year Congress passed § 1445(c). *Id.* at 125. The court explained that in 1958, workers' compensation laws were a "statutorily created insurance system that allow[ed] employees to receive fixed benefits, without regard to fault, for work-related injuries." *Id.* With this background, the court found that plaintiffs' claim had "none of the administrative, no-fault characteristics associated with a workers' compensation claim" (as such claims were understood in 1958), nor was it "integrally related to the operation of West Virginia's workers' compensation system." *Id.* at 127. Accordingly, the court concluded that § 1445(c) did not bar removal of plaintiffs' claim. *Id.* at 128. Here, as in *Arthur*, Plaintiffs' claim does not contain any of the "administrative, no-fault characteristics" of a workers' compensation claim, as outlined above. *See id.* at 127; *see also Ehler v. St. Paul Fire & Marine Ins. Co.*, 66 F.3d 771, 772–73 (5th Cir. 1995) (quoting *Spearman v. Exxon Coal USA, Inc.*, 16 F.3d 722, 725 (7th Cir. 1994)) ("That a workers' compensation law is a premise of the tort does not mean that the tort

18

'arises under' the workers' compensation laws . . . ."). Instead, Plaintiffs' claim for gross negligence and exemplary damages merely sounds in tort.

In concluding that Plaintiffs' gross negligence claim does not arise under the TWCA, the court acknowledges that it is departing from the opinions of some federal judges in this and other districts. Plaintiffs rely heavily on an opinion from the Southern District of Texas, *Sbrusch v. Dow Chemical Co.*, 124 F. Supp. 2d 1090 (S.D. Tex. 2000); the court does not, however, find the reasoning in that case to be persuasive. The *Sbrusch* court held that the plaintiff's § 408.001(b) claim arose under the TWCA and granted plaintiff's motion to remand. *Id.* at 1092. The court first noted that because a wrongful death action in Texas is statutory, as opposed to existing at common law, "there is no pre-existing common law action for exemplary damages that could be saved by section 408.001(b) . . . ." *Id.* at 1091. As this court has discussed above, an employee's spouse and children could bring a statutory cause of action for wrongful death against a common carrier, and later against any employer, as early as 1860—more than fifty years prior to the passage of the TWCA. *See Fuller*, 892 S.W.2d at 850–52. This court finds no meaningful difference between a claim's statutory or common law origin in determining whether it arises under the TWCA for the purposes of § 1445(c). Regardless of whether a wrongful death claim originated via common law or the legislature, § 408.001(b) preserves rather than creates the cause of action because the claim existed *prior to* the passage of the TWCA. The court also finds the *Sbrusch* court's reliance on *Wright v. Gifford-Hill & Co., Inc.*, for the proposition that "the Texas Supreme Court, if confronted with the issue directly, would hold that section 408.001 creates an independent cause of action for exemplary damages," to be misplaced. *Sbrusch*, 124 F. Supp. 2d at 1092. In *Wright*, the issue before the Texas Supreme Court was whether "a plaintiff must obtain a jury finding on the amount of actual damages as a prerequisite to recovery of exemplary damages

under" § 408.001(b)'s predecessor.  725 S.W.2d 712, 713 (Tex. 1987).  The Texas Supreme Court

concluded that a "plaintiff need not secure a finding on the amount of actual damages in order to

recover exemplary damages."  *Id.* at 714.  Notably, the Texas Supreme Court did not hold that

§ 408.001(b) creates an independent cause of action for exemplary damages.  *See id.*  This court

believes the *Sbrusch* court's interpretation of *Wright* is too broad, and therefore declines to follow

it here.[12]

Relying on the court's holding in *Sbrusch*, several other district courts have also concluded

§ 408.001(b) creates an independent cause of action that arises under the TWCA.  *See, e.g.*,

*Castillo*, 2003 WL 22287637, at *3–4 (Lindsay, J.) (distinguishing *Duhart* and *Bridges* and relying

on *Sbrusch* to support conclusion that plaintiff's claim under § 408.001(b) was non-removable

under § 1445(c)); *see also Johnson v. City of Hous.*, Civil Action No. H-12-2786, 2013 WL

---

[12] The *Sbrusch* court, as well as several other courts, also cite *Wyble v. E.I. DuPont de Nemours & Co.*, 17 F. Supp. 2d 641 (E.D. Tex. 1998) in support of the proposition that § 408.001(b) creates an independent cause of action.  *See Sbrusch*, 124 F. Supp. 2d at 1091 (quoting *Wyble*, 17 F. Supp. 2d at 645) ("[A] wrongful death cause of action for gross negligence does exist under the Texas Workers' Compensation Act."); *see also Del Carmen Esparza v. Jozwiak,* 391 F. Supp. 2d 504, 507–08 (E.D. Tex. 2005) (quoting *Wyble*, 17 F. Supp. 2d at 645) (noting that the court has previously "concluded that 'as a matter of law, a wrongful death cause of action for gross negligence does exist under the Texas Workers' Compensation Act'"); *Castillo v. Angelo Iafrate Constr., L.L.C.*, No. Civ. A. 303CV0061L, 2003 WL 22287637, at *3–4 (N.D. Tex. Sept. 30, 2003) (same).  In *Wyble*, however, the court repeatedly referred to § 408.001(b) as a "savings clause"—as opposed to an independent cause of action.  *See Wyble*, 17 F. Supp. 2d at 644–46.

Moreover, the court finds that while certain language in *Wyble* seemingly supports the conclusion that § 408.001(b) creates an independent cause of action, a closer examination of the court's holding casts doubt on such a literal interpretation.  In *Wyble*, one defendant alleged the plaintiff had fraudulently joined the other defendant to defeat diversity removal jurisdiction, arguing that no viable claim existed against that defendant based on a Texas Supreme Court decision that purportedly abrogated the right to recover exemplary damages under the TWCA where actual damages could not be recovered.  *Id.* at 644.  Rejecting such an interpretation, the *Wyble* court found that the "TWCA specifically provides for a surviving spouse or heir's cause of action against an employer whose gross negligence or intentional act causes the employee's death," and noted that the defendant's argument "fails to consider that an employee injured in the scope of his employment is entitled to recover a form of compensatory damages; albeit damages which are carefully circumscribed by the Texas Labor Code."  *Id.* (citation omitted).  It was within this context, i.e., determining whether a state supreme court decision abolished a plaintiff's right to recover exemplary damages expressly preserved in the TWCA, that the court found "as a matter of law, a wrongful death cause of action for gross negligence does exist under the [TWCA]."  *See id.* at 645.  The court did not consider the broader question, which is before this court, concerning the origin of such a gross negligence claim, or whether it "arises under" the TWCA or some other statutory or common law source.  *Id.*

789075, at *2–3 (S.D. Tex. Mar. 1, 2013) (concluding § 408.001(b) creates a cause of action for exemplary damages); *Talamantes v. Chromally Gas Turbine Corp.*, Civil Action No. SA-08-CV-0583 OG (NN), 2008 WL 5061644, at *3–4 (W.D. Tex. Nov. 25, 2008) (citing *Castillo* affirmatively and recommending district court remand plaintiff's § 408.001(b) claim as non-removable under § 1445(c)); *Del Carmen Esparza*, 391 F. Supp. 2d at 507–08 (concluding plaintiffs' claim for exemplary damages arose under the TWCA and were non-removable).[13]

Notwithstanding this contrary authority, the court concludes that its detailed analysis set forth above requires a finding that § 408.001(b) preserves a cause of action found outside the TWCA, and therefore falls outside the ambit of § 1445(c).

5.      *Congress did not intend for § 1445(c) to prohibit the removal of exemplary damages claims under § 408.001(b).*

The fact Texas state courts have concluded that § 408.001(b) does not create an independent cause of action for exemplary damages does not preclude Plaintiffs' claim from possibly "arising under" the TWCA for the purposes of § 1445(c). *See Patin*, 77 F.3d at 788

---

[13] In addition to *Wyble* and *Sbrusch*, the basis for these courts concluding that § 408.001(b) creates an independent cause of action seems to originate in a line of Texas cases subsequently overruled or called into doubt. *See, e.g.*, *Castillo*, 2003 WL 22287637, at *3 (citing *Zacharie v. U.S. Nat. Res., Inc.*, 94 S.W.3d 748, 756–58 (Tex. App.—San Antonio 2002, no pet.) and *Perez v. Todd Shipyards Corp.*, 999 S.W.2d 31, 33 (Tex. App.—Houston [14th Dist.] 1999, pet. denied)). In *Ross*, the Fourteenth District Court of Appeals specifically overruled *Perez* in finding that "section 408.001(b) of the [TWCA] does not create a nonderivative cause of action for exemplary damages independent of the Wrongful Death Act." 296 S.W.3d at 214. Specifically referencing *Zacharie*, the *Ross* court also noted that *Perez* "ha[d] been a source of unnecessary confusion" as it was "contrary to the reasoning of prior as well as subsequent decisions of the Texas Supreme Court and this court." *Id.* at 215–16 & n.9.

This court further distinguishes *Sbrusch* and its progeny in that *Sbrusch* cites the following language in *Callis* and *Cowen*, 901 F. Supp. at 1206, to support its conclusion that § 408.001(b) creates an independent cause of action: "The Court sees no reason why the statutory remedy outlined in the Texas Labor Code could not form the necessary compensatory damages springboard and thereby allow recovery of exemplary damages." *Sbrusch*, 124 F. Supp. 2d at 1091–92; *see also Castillo*, 2003 WL 22287637, at *3 (citing *Callis*, 932 F. Supp. at 172). As noted earlier, this court interprets that language as supplying the basis for a spouse and heirs to sue an employer under the Wrongful Death Act (*see* Tex. Civ. Prac. & Rem. Code Ann. §§ 71.002–.003), as preserved through § 408.001(b), rather than constituting a determination as to the independent nature of any claim § 408.001(b) may provide. *See Callis*, 932 F. Supp. at 169–70, 172 (recognizing that decedent employee has a right to recover compensatory damages, "albeit damages which are carefully circumscribed by the Texas Labor Code," thereby allowing the spouse and heirs to pursue a claim for exemplary damages).

(explaining that "although state law may create the cause of action and define the claim, federal law governs whenever our consideration involves a construction of a removal statute"); *Jones*, 931 F.2d at 1092 (citing *Grubbs v. Gen. Elec. Credit Corp.*, 405 U.S. 699, 705 (1972) and *Paxton v. Weaver*, 553 F.2d 936, 940–41 (5th Cir. 1977)) (noting that "[f]ederal law governs the construction of removal statutes"). Such an interpretation, however, is consistent with the Fifth Circuit's construction of § 1445(c) and its primary purpose. Congress enacted § 1445(c) "[t]o restrict diversity jurisdiction and to stop the removal of compensation cases which were increasing the already overburdened docket of federal courts." *Jones*, 931 F.2d at 1091 (citing S. Rep. No. 1830 (1958), *as reprinted in* 1958 U.S.C.C.A.N. 3099, 3103–06). Congress also passed § 1445(c) "to prevent the undue burden that is placed on a worker when an action is removed to federal court." *Patin*, 77 F.3d at 788. Those policies "[do] not appertain, though, when the cause of action at issue is independent of the administrative procedures applicable to a state workers' compensation claim"—as in a claim for gross negligence. *Id.*; *see also Arthur*, 58 F.3d at 128 (noting court's conclusion that plaintiffs' intentional tort claim did not arise under West Virginia's workers' compensation laws in no way undermined the primary purpose of § 1445(c) because the approximately 70,000 workers' compensation claims filed per year "will remain in the state system"). At most, Plaintiffs' claim for exemplary damages is "related to" the TWCA, "and thus do[es] not come within the ambit of the non-removability provision of § 1445(c)." *Patin*, 77 F.3d at 789. Because Plaintiffs' gross negligence claim is independent from the TWCA's no-fault, administrative procedures, the policies behind § 1445(c) simply do not apply. Accordingly, the conclusion that § 408.001(b) does not arise under the TWCA and is therefore removable does not violate congressional intent.

**B.**    **The court need not resolve the parties' dispute over the proper construction of Plaintiffs' Original Petition to conclude that Defendant properly removed this case.**

As reflected in the parties' respective papers before the court, Plaintiffs and Defendant hold widely divergent views on how the court should construe the allegations contained in Plaintiffs' Original Petition and how that interpretation impacts the removal question. The court need not determine this issue, however, to conclude that removal is proper.

Defendant notes Plaintiffs never explicitly reference § 408.001 in their Original Petition; instead, they merely allege a claim for exemplary damages based on Defendant's alleged gross negligence. *See* Pls.' Original Pet., at 2–3; *see also* Pls.' Mot. to Remand, at 3 (arguing that "because this case involves exemplary damages *for wrongful death only* and those damages fall under [but are not created by]" the TWCA (emphasis added)). Defendant further observes that under the "Damages for Wrongful Death" section of their Petition, Plaintiffs state that they are bringing "this action pursuant to §71.001, *et seq.*, of the Texas Civil Practice and Remedies Code, commonly referred to as the 'Wrongful Death Act.'" Pls.' Original Pet., at 3. Defendant's argument and construction of Plaintiffs' allegations would clearly support the conclusion that, as pleaded, Plaintiffs' Petition seeks to recover under a cause of action (exemplary damages for gross negligence, i.e., wrongful death) preserved by § 408.001(b) of the TWCA.

Applying Plaintiffs' interpretation of their Petition requires no different result. As Plaintiffs admit, their pleading could have been worded more clearly. Even assuming, however, that a fair reading of the Petition coincides with Plaintiffs' explanation set forth in their reply, i.e., "the only possible claim that can be brought, and the only claim that Plaintiffs have asserted in their petition, is for gross negligence and the recovery of exemplary damages under Section 408.001(b) of the Texas Labor Code," such claim is nevertheless removable. For the reasons set forth in part A. above, the court finds that even where a plaintiff explicitly pleads a claim under

§ 408.001(b), seeking to recover exemplary damages for the alleged gross negligence of an employer, such a claim would nevertheless "arise under" a statutory source other than the TWCA, thereby rendering § 1445(c) inapplicable and qualifying the case for removal.

**C.    Conclusion.**

Given the plain language and history of Texas Labor Code § 408.001(b), the fact that qualified family members possessed a right to sue for the wrongful death of an employee long before passage of the TWCA, the reality that § 408.001(b) does not advance the purpose of the TWCA, and that various other courts have concluded that § 408.001(b) preserves a wrongful death cause of action, this court finds that Plaintiffs' claim does not arise under Texas workers' compensation laws. Accordingly, there is no statutory basis for remand under § 1445(c), and Plaintiffs' Motion to Remand should be denied.[14]

## IV.    <u>Recommendation</u>

For the foregoing reasons, the undersigned **RECOMMENDS** that the United States District Court **DENY** Plaintiffs' Motion to Remand (ECF No. 8).

## V.    <u>Right to Object</u>

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2016); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding, conclusion, or recommendation to which objection is made,

---

[14] Defendant has asserted, and Plaintiffs do not contest, that the court possesses diversity jurisdiction over the claim. *See* Pls.' Mot. to Remand, at 1–5; Pls.' Reply, at 1–9; *see also* Pls.' Original Pet., at 1–2 (asserting that Plaintiffs' are residents of Texas and the amount in controversy exceeds $1,000,000.00); Def.'s Notice of Removal, at 2 (asserting Defendant "is an Arkansas corporation, with its principal place of business in Tennessee").

state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: April **17**, 2018

**D. GORDON BRYANT, JR.**
**UNITED STATES MAGISTRATE JUDGE**