IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| TANDI WAGNER and KRISTI RAMIREZ, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:17-CV-264-M-BQ |
| | § | |
| FEDEX FREIGHT, INC., | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND**
**RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiffs Tandi Wagner and Kristi Ramirez (Plaintiffs) filed a "Motion for Court-Ordered Voluntary Dismissal" (ECF No. 30) on July 19, 2018, asking the court to dismiss this case without prejudice under Fed. R. Civ. P. 41(a)(2). Defendant FedEx Freight, Inc. filed its response on August 9, 2018, with a supporting appendix (ECF Nos. 31, 32), opposing any dismissal unless done so with prejudice, or imposition of the condition that Plaintiffs reimburse Defendant for its costs and attorneys' fees. Plaintiffs have also filed their reply. ECF No. 33.

Pursuant to 28 U.S.C. § 636(b) and a standing order of reference (*see* ECF No. 5), United States Chief District Judge Barbara M. G. Lynn referred this case to the United States Magistrate Judge for pretrial management. In accordance with the order of reference, the undersigned issues the following findings of fact and conclusions of law, and **RECOMMENDS** that the United States District Court **conditionally grant** Plaintiffs' motion for the reasons explained below.

### I.   Background

On October 31, 2017, Plaintiffs filed their Original Petition and Jury Demand in the 72nd District Court of Lubbock County, Texas. Def.'s Notice of Removal, App., at 2–6 (ECF No. 1-1) [hereinafter Pls.' Original Pet.]. Through their Petition, Plaintiffs allege that Defendant's gross

1

negligence proximately caused the death of their father, Michael Merton. *Id.* at 2–3. Specifically, Plaintiffs claim that on October 17, 2017, Merton was working inside an airplane owned and operated by Defendant when he was crushed and killed. *Id.* at 3–5. Plaintiffs seek an award of exemplary damages for Defendant's alleged gross negligence. *Id.* at 4–5.

On November 20, 2017, Defendant timely removed the case to this court, asserting federal jurisdiction under 28 U.S.C. §§ 1332 and 1441. Def.'s Notice of Removal, at 1–2 (ECF No. 1). Defendant alleged that the court possesses diversity jurisdiction because Plaintiffs are citizens of the State of Texas, Defendant is an Arkansas corporation with its principal place of business in Tennessee, and the amount in controversy exceeds $75,000. *Id.* In its answer, Defendant pleaded under oath that Plaintiffs had named the incorrect Defendant and disclosed the identity of the correct Defendant. *See* Def.'s Answer, at 1 ¶ 2 (ECF No. 1, App., at 11) (denying that "Plaintiffs sued the correct Defendant"); Certificate of Interested Persons, at 1 (ECF No. 2) (noting that FedEx Freight, Inc. was the "incorrectly named Defendant" and that Federal Express Corporation was the "proper but unpled party Defendant").

On December 19, 2017, Plaintiffs timely filed a Motion to Remand, arguing that because their claim for gross negligence arises under Texas's workers' compensation laws—specifically, Texas Labor Code § 408.001(b)—this action is non-removable under 28 U.S.C. § 1445(c). Pls.' Mot. to Remand, at 2 (ECF No. 8). After Defendant filed its response and Plaintiffs filed their reply on January 8 and 22 respectively, the undersigned agreed with Defendant's construction of Texas workers' compensation law and the federal removal statute and recommended to Chief Judge Lynn that Plaintiffs' motion be denied. ECF No. 11 (April 17, 2018). Plaintiffs filed objections to the Magistrate Judge's Findings, Conclusions, and Recommendation on May, 1, 2018

2

(ECF No. 14); however, Chief Judge Lynn overruled such objections, accepted the Magistrate Judge's recommendation, and denied Plaintiffs' motion. ECF No. 15 (May 11, 2018).

On May 15, 2018, Plaintiffs subsequently filed a Motion to Modify Scheduling Order (ECF No. 16) and a Request for Discovery Conference (ECF No. 17), basically alleging that through miscommunication within Plaintiffs' counsel's office, Plaintiffs were not aware of the court's scheduling order entered December 7, 2017 (ECF No. 7), or their obligation to respond to interrogatories and requests for production served by Defendant on April 6, 2018. *See* Pls.' Mot. to Modify Scheduling Order (ECF No. 16). Through the motion, Plaintiffs sought an extension for most deadlines contained in the original Rule 16 Scheduling Order, including those for party joinder and conducting discovery. *Id.* at 7. Under the original Scheduling Order, the deadline for amending pleadings and joining additional parties was April 20, 2018, and the discovery cut-off date was December 14, 2018. Initial Scheduling Order, at 1–2 (ECF No. 7). Defendant filed its response and supporting appendix opposing Plaintiffs' motions (ECF Nos. 19, 20, 21) on May 30, and the court set these matters for hearing on June 12. ECF No. 22.

At the hearing, Plaintiffs requested more time for discovery, arguing that "without the adequate time to conduct discovery, and without the time to determine who all the parties were involved in this case, it would greatly prejudice the Plaintiffs." Tr. at 2:04:48–2:05:02. In granting the request to modify the scheduling order, the court noted that the only basis for doing so was Plaintiffs' need to conduct discovery so as to identify the correct defendant. ECF No. 28, at 1 (finding that "Plaintiffs have established good cause to modify the scheduling order deadlines to prevent substantial injustice, specifically as related to identifying and joining the proper defendant(s) in this matter"); Tr. at 2:39:12–2:40:58. In that order, the court set a new deadline of July 12, 2018, for amending pleadings and joining other parties. ECF No. 28, at 2. The amended

3

scheduling order, which also extended the discovery deadline to January 14, 2019, was entered June 13, 2018. ECF No. 29, at 2.

Despite seeking relief from the court for the specific purpose of conducting discovery to identify and join the correct defendant, Plaintiffs apparently did neither. The record shows no motion filed by Plaintiffs, within the additional time allowed by the court, to join or name the correct defendant. Def.'s Resp. to Pls.' Mot. to Dismiss, at 3 [hereinafter Def.'s Resp.] (ECF No. 31). Plaintiffs also chose a discovery mechanism that would not have enabled them to timely amend the pleadings in response to information sought. *Id.*[1] In objecting to Plaintiffs' broad discovery requests, Defendant again indicated that it had no knowledge or documents related to the suit, pointing Plaintiffs to the Certificate of Interested Persons and identifying Federal Express Corporation as the correct defendant. *See* Def.'s Resp., App., at 19–26 (ECF No. 32) (providing Defendant's responses to Plaintiffs' June 12, 2018, interrogatories and requests for production).

Now before the court is Plaintiffs' Motion to dismiss the case unconditionally and without prejudice (ECF No. 30), filed July 19, 2018. Defendant responded on August 9, 2018, opposing dismissal without prejudice and requesting that any dismissal be with prejudice and conditioned on Plaintiffs paying Defendant's reasonable and necessary attorneys' fees and costs—a total of $54,500.64. Def.'s Resp., at 6. Through their reply, Plaintiffs oppose such relief in that Defendant has not shown "that it would suffer any clear legal prejudice" sufficient to justify conditional dismissal. Pls.' Reply, at 1.

---

[1] It appears Plaintiffs only served written discovery on Defendant, which would allow up to thirty-three days for a timely response (*see* Fed. R. Civ. P. 33(b)(2), 6(d)) and thereby not provide the required information in sufficient time to join or name the correct defendant. Plaintiffs also expend considerable effort in their Reply attempting to distinguish between "misnomer" and "misidentification." *See* Pls.' Reply, at 2–5 (ECF No. 33). Whether either label correctly describes Defendant's status, the fact remains that Plaintiffs took no action to remedy the situation, despite the court granting an extension of time to do so.

4

## II. <u>Legal Standard</u>

Federal Rule of Civil Procedure 41(a) provides that after a defendant serves an answer or a motion for summary judgment, and absent defendant's consent, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2); *see Bell v. Keystone RV Co.* (*In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*), 628 F.3d 157, 162 (5th Cir. 2010); *Hyde v. Hoffmann–La Roche, Inc.*, 511 F.3d 506, 509 (5th Cir. 2007); *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 320 (5th Cir. 2002). "The primary purpose of Rule 41(a)(2) is to 'prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions.'" *Elbaor*, 279 F.3d at 317. Consideration of a Rule 41(a) motion is committed to the sound discretion of the court. *Schwarz v. Folloder*, 767 F.2d 125, 129 (5th Cir. 1985) (citing *La-Tex Supply Co. v. Fruehauf Trailer Div.*, 444 F.2d 1366, 1368 (5th Cir. 1971)).

Notwithstanding this discretion, voluntary dismissals "should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Elbaor,* 279 F.3d at 317 (citing *Manshack v. Sw. Elec. Power Co.*, 915 F.2d 172, 174 (5th Cir. 1990)). Examples of such prejudice include "when a party proposes to dismiss the case at a late stage of pretrial proceedings, or seeks to avoid an imminent adverse ruling, or may on refiling deprive the defendant of a limitations defense." *In re FEMA Trailer*, 628 F.3d at 162 (citing *Hartford Accident & Indem. Co. v. Costa Lines Cargo Servs., Inc.*, 903 F.2d 352, 360 (5th Cir. 1990)). Similarly, a defendant's loss of significant time, effort, or expense in preparing for trial can also constitute plain legal prejudice. *U.S. ex rel. Doe v. Dow Chem. Co.*, 343 F.3d 325, 330 (5th Cir. 2003); *Oxford v. Williams Cos., Inc.*, 154 F. Supp. 2d 942, 952–53 (E.D. Tex. 2001).

In cases where the defendant would suffer such prejudice, courts frequently deny plaintiff's motion to dismiss without prejudice. For example, in *U.S. ex rel. Doe v. Dow Chemical Co.*, the Fifth Circuit affirmed a finding of plain legal prejudice and the denial of the plaintiff's Rule 41(a)(2) motion where the plaintiff sought dismissal nine months after suit was filed. 343 F.3d at 330. The parties had filed responsive pleadings, motions to compel, motions for expedited hearing, motions to dismiss, motions for oral arguments, and a motion for rehearing. *Id.* In addition, the plaintiff could have interpreted the United States' refusal to intervene as substantially weakening his case, and the district court had also sanctioned plaintiff's counsel for failure to participate in the discovery process. *Id.* The Fifth Circuit reached the same result in another case where it had progressed to such a degree that dismissing it without condition or prejudice would materially impair the defendant's rights. *See In re FEMA Trailer*, 628 F.3d at 163–64 (affirming dismissal with prejudice where dismissal without prejudice would have seriously complicated ongoing multiparty litigation and impaired the rights of defendants and other plaintiffs); *see also Neason v. State Farm Fire & Cas. Ins. Co.*, Civil Action No: 09-431, 2009 WL 10680063, at *1–2 (E.D. La. Nov. 9, 2009) (denying plaintiff's motion to dismiss where court could not "craft just terms for a dismissal . . . without prejudice" due to progress of the case, the costs defendant incurred, and the "time that [defendant] expended litigating . . . case in federal court"); *Oxford*, 154 F. Supp. 2d at 952 (denying dismissal where plaintiff moved for dismissal after twenty-one months of significant trial preparation).

In cases where defendants cannot establish plain legal prejudice upon dismissal, but would nevertheless suffer some harm, courts often grant the requested dismissal without prejudice, but subject to "any conditions necessary to eliminate harm to the defendant." *Radiant Tech. Corp. v. Electrovert USA Corp.*, 122 F.R.D. 201, 204 (N.D. Tex. 1988) (citing *LeCompte v. Mr. Chip, Inc.*,

528 F.2d 601, 604–05 (5th Cir. 1976)); *see also Cone v. W. Va. Pulp & Paper Co.*, 330 U.S. 212, 217 (1947) (recognizing plaintiff's "unqualified right, *upon payment of costs*," to dismiss case under Rule 41(a)(2) unless defendant would suffer some plain legal prejudice) (emphasis added). Under such circumstances, courts in this district have granted dismissal without prejudice, conditioned upon the plaintiff's payment of the defendant's reasonable and appropriate costs and fees. *See Womack v. Home Depot U.S.A., Inc.*, Civil Action No. 3:06-CV-0285-D, 2007 WL 496660, at *1 (N.D. Tex. Feb. 15, 2007) (finding that defendant "will not suffer plain legal prejudice if the case is dismissed," but curing any other potential harm to defendant "by conditioning dismissal on payment of attorney's fees and expenses that are not directly usable in the state court case"); *Radiant Tech. Corp.*, 122 F.R.D. at 205 ("RTC's motion to dismiss is granted on the condition that it pay to Electrovert its attorney's fees and costs of court that are not directly usable in the California action.").[2] Factors courts examine in deciding whether to impose such conditions on dismissal include "the defendant's effort and expense in preparing for trial and whether there have been excessive delays or a lack of diligence on the part of the plaintiff in prosecuting the case." *Radiant Tech. Corp.*, 122 F.R.D. at 204–05.

While Defendant has not established plain legal prejudice, the undersigned nevertheless finds that Plaintiffs' conduct in pursuing this litigation merits an award of costs and fees as a condition for dismissal. In support of this determination, the court examines the foregoing Rule 41(a)(2) criteria below.

---

[2] In a similar case, another court in this district found that the defendant would suffer plain legal prejudice but nevertheless granted dismissal without prejudice, conditioned upon plaintiff's payment of defendant's costs and fees. *See Ryan, Inc. v. Weaver and Tidwell, LLP*, Civil Action No. 3:10-CV-929-M, 2011 WL 1639262, at *2 (N.D. Tex. Apr. 29, 2011) (finding legal prejudice but determining that "imposition of conditions would cure the prejudice" and conditioning dismissal on allowing re-use of discovery and reimbursement of some costs and fees).

### III. Discussion

**A. Defendant has not alleged or proven plain legal prejudice.**

Defendant has not specifically argued plain legal prejudice or analyzed the circumstances of this case within the context of the foregoing standards for determining whether such prejudice exists. Instead, Defendant points to Plaintiffs' uncooperative conduct and the expenses Defendant has incurred in litigating the case thus far as support for its position that the court should condition dismissal. *See, e.g.*, Def.'s Resp., at 2. Defendant claims it made Plaintiffs aware of the fact that they had sued the wrong defendant in its initial answer and several times thereafter. Based on such knowledge, Defendant argues Plaintiffs had ample opportunity to dismiss the case at an earlier juncture, thereby saving a wrongfully-sued party significant litigation cost and expense. *Id.* As a result, Defendant agrees to dismissal only if the case is dismissed with prejudice and conditioned upon reimbursement of its "attorneys' fees and costs incurred to date." *Id.* at 6.

While conditional dismissal is proper when unrestricted dismissal would cause harm to a defendant, requiring that a plaintiff dismiss her case with prejudice as a condition for granting the motion is an extreme measure. *Elbaor*, 279 F.3d at 319–20; *see also LeCompte*, 528 F.2d at 605 (holding that district court abused its discretion by imposing conditions on dismissal that amounted to "legal prejudice" to plaintiff). Conditions imposed on dismissal should not be overbroad, and the court should "impose only those conditions which will alleviate the harm caused to the defendant." *Elbaor*, 279 F.3d at 320 (quoting *LeCompte*, 528 F.2d at 604–05). To merit prejudice as a condition of dismissal, Defendant must show that it will suffer "plain legal prejudice" if the court were to grant unconditional dismissal and that the condition would be appropriate to "cure the prejudice." *Id.* at 317–18.

The presence of prejudice to the non-moving party, as well as the conditions courts impose to cure prejudice, depend heavily on the facts of each case. Plain legal prejudice to the non-moving party exists when a plaintiff moves to dismiss if, "at a late stage of the proceedings after the parties have exerted significant time and effort, the plaintiff seeks to avoid an imminent adverse ruling, or if dismissal would cause the defendant to be stripped of an otherwise available defense if the case were to be re-filed." *Villanueva v. Wells Fargo Bank, N.A.*, Civil Action No. 3:11-CV-03591, 2013 WL 1148643, at *2 (N.D. Tex. Mar. 5, 2013) (collecting cases). Plain legal prejudice usually derives from "a combination of these factors," and courts recognize in many of these cases that the plaintiffs could have mitigated or prevented this prejudice by dismissing at an earlier opportunity. *Id.* (citing several cases where the Fifth Circuit has affirmed a finding of prejudice, each relying on more than one of these three factors and often on all three).

In *FEMA Trailer Formaldahyde Products Liability Litigation*, the Fifth Circuit upheld the district court's dismissal with prejudice after considering the interests at stake for all parties to the litigation. 628 F.3d at 163–64. Following a denial of class certification, the court allowed plaintiff to substitute in as the new bellwether[3] plaintiff, primarily to preserve the benefit of months of pretrial preparation and discovery that had occurred to that point.[4] *Id.* at 159–60. Approximately one month later, and three months prior to trial, the new bellwether plaintiff, citing an inability to attend trial while also satisfying work and family obligations, filed a motion asking the court to either substitute yet another bellwether plaintiff or grant a continuance. *Id.* at 160. The district

---

[3] The term "bellwether" trial typically refers to litigation "used to assess whether a class should be certified . . . or to assess a claim's value for settlement purposes . . . ." *Id.* at 159 n.1 (citations omitted).

[4] The new bellwether plaintiff and his mother (the original bellwether plaintiff) lived together in a trailer supplied by FEMA following hurricanes Katrina and Rita, and sought damages resulting from alleged formaldehyde exposure. *Id.* at 159. After entry of a scheduling order and the parties commencing pretrial preparation, the mother subsequently withdrew and dismissed her case, resulting in her son's substitution. *Id.* at 159–60.

court denied both requests and, in response to the plaintiff's subsequent motion to dismiss without prejudice, instead dismissed the case with prejudice. *Id.*

On appeal, the circuit court concluded that the district court did not abuse its discretion, citing the "wasted" trial preparation as to the particular trailer involved in the litigation and the court's need to re-align the defendant with a new plaintiff who lived in a different trailer. *Id.* at 163. More broadly, the Fifth Circuit acknowledged the disadvantage posed to other plaintiffs denied the benefit of acquiring trial information relevant to their cases, and that granting a dismissal without prejudice "would set a precedent that other plaintiffs could use to manipulate the integrity of the court's bellwether process" and "defeat the court's management effort." *Id.* at 163–64. This potential abuse constituted actual prejudice against the defendant in the case, but the appeals court also acknowledged that the district court had properly taken into account the effect that the plaintiff's ineffectiveness and apathy had on the court and other parties even outside the instant litigation. *Id.*

Other cases upholding or finding plain legal prejudice involve similarly weighty issues. Such factors typically include the existence of pending dispositive motions, close proximity to trial, and significant adverse rulings against the moving party—none of which are present in this case. In *Elbaor* (cited by Defendant—*see* Def.'s Resp., at 4), the Fifth Circuit upheld the lower court's finding of plain legal prejudice where dismissal could have deprived the defendant of an affirmative defense. 279 F.3d at 318–319. Similarly, as set forth in more detail above, the Fifth Circuit in *Dow Chemical Co.* affirmed a finding of plain legal prejudice where the plaintiff sought dismissal nine months after suit was filed and the parties had filed responsive pleadings and extensive motions, the United States had declined to intervene, and the court had sanctioned plaintiff's counsel for failing to participate in discovery. 343 F.3d at 330; *see also Davis v.*

*Huskipower Outdoor Equip. Corp.*, 936 F.2d 193, 199 (5th Cir. 1991) (affirming finding of plain legal prejudice where plaintiff filed motion to dismiss more than one year after removal of the case, the parties had spent months filing pleadings, and a magistrate judge had issued a recommendation adverse to the moving party's position); *Hartford Acc. & Indem. Co.*, 903 F.2d at 360–61 (affirming finding of plain legal prejudice where plaintiff requested dismissal nearly ten months after removal of action, significant discovery and hearings had occurred, court had already granted one defendant summary judgment, and a jury trial had been set for the remaining defendants).

Although this case has been pending approximately ten months since Defendant filed its answer, the record contains no evidence that satisfies the foregoing criteria or that would support a finding by this court of plain legal prejudice. No dispositive motion is pending before the court and Defendant does not claim that it will lose an otherwise available defense. Nor does the prospect of a second suit or the costs incurred by Defendant in litigating the matter thus far carry the day. The cases cited by Defendant do not hold to the contrary. Both *LeCompte* and *Yoffe* deal primarily with whether *the plaintiffs suffered legal prejudice* such that they could appeal the district court's ruling conditionally dismissing their respective cases without prejudice. *See, e.g., Yoffe v. Keller Indus., Inc.*, 582 F.2d 982 (5th Cir. 1978) (examining under what circumstances a plaintiff can appeal a lower court order conditionally granting a motion to dismiss, without prejudice, and finding that court's imposition of $44,523.20 in attorney's fees and costs as condition of dismissal did not amount to appealable "legal prejudice"); *LeCompte*, 528 F.2d at 604–05 (vacating lower court's imposition of conditions to refiling, including plaintiff making "an affirmative demonstration to the court's satisfaction that a valid cause of action" exists, where conditions constituted legal prejudice rather than a practical remedy and order failed to show how

defendants would be prejudiced by unconditional dismissal). While both cases clearly involve a lower court imposing conditions on dismissal, neither specifically considered on appeal whether *the defendant* established plain legal prejudice.

As discussed in more detail below, the court believes there is no question that Plaintiffs have caused Defendant considerable delay and expense in this case; however, under the circumstances presented here, such costs and delay—without more—do not rise to the level of "plain legal prejudice," and Defendant has not shown that it will lose some significant legal right if the case is dismissed without prejudice. This court therefore finds Defendant has failed to carry its burden to show that it would suffer plain legal prejudice upon the unconditioned dismissal of the action. The question remains whether the court can nevertheless condition Plaintiffs' requested dismissal and, if so, upon what conditions.

### B. The court conditions dismissal on the payment of reasonable costs and fees.

Courts also have the discretion to impose conditions on dismissal to prevent unfairness to the non-moving party even where "plain legal prejudice" is not present. *See Tex. Midstream Gas Servs., L.L.C. v. City of Grand Prairie*, Civil Action No. 3:08-CV-1724-D, 2010 WL 3565232, at *4–5 (N.D. Tex. Sept. 8, 2010) (holding that defendants would not suffer plain legal prejudice if case were dismissed but conditioning dismissal on, *inter alia*, payment of court costs); *Womack*, 2007 WL 496660, at *1 (imposing conditions on dismissal despite the lack of plain legal prejudice); *Radiant Tech. Corp.*, 122 F.R.D. at 203–04 (differentiating between cases that warrant refusing to dismiss the case, i.e., "when a plaintiff seeks to circumvent an expected adverse result" or where the defendant "will incur legal prejudice," and cases where "the court should permit dismissal after imposing any conditions necessary to eliminate harm to the defendant"). This authority arises in part from the rule's direction that the court grant a plaintiff's motion "on terms

that the court considers proper." Fed. R. Civ. P. 41(a)(2). In such cases, courts have conditioned the grant of plaintiff's motion to dismiss, without prejudice, subject to conditions such as the payment of attorney's fees and expenses and stipulations that the defendant may reuse its discovery and pleadings in later-filed cases. *See Womack*, 2007 WL 496660, at *1 (granting dismissal without prejudice conditioned "on payment of attorney's fees and expenses that are not directly usable in the state court case"); *Radiant Tech. Corp.*, 122 F.R.D. at 205 (same); *see also Ryan, Inc.*, 2011 WL 1639262, at *2 (imposing similar conditions on a grant of dismissal without prejudice, albeit after a finding of plain legal prejudice). Courts "regularly . . . consider[]" two factors in determining whether to condition dismissal of plaintiff's case: (1) the defendant's effort and expense, and (2) plaintiff's excessive delays or lack of diligence. *Radiant Tech. Corp.*, 122 F.R.D. at 204–05.

In its response to the motion before the court, Defendant requests that any dismissal be conditioned on Plaintiffs paying Defendant's "reasonable and necessary attorneys' fees and costs to deter Plaintiffs from frivolously re-naming this Defendant." Def.'s Resp., at 6. Counsel for Defendant has presented affidavits regarding the cost of litigating this case thus far, and seeks recovery of $54,500.64 in attorneys' fees and costs. *Id.* Plaintiffs argue in their reply that awarding costs and fees would be improper, but they do not challenge the reasonableness or necessity of Defendant's claimed fees and costs. Pls.' Reply, at 8–9. While the court does not necessarily share Defendant's concern that Plaintiffs will "frivolously re-name" it as a party if or when Plaintiffs re-file, the court nevertheless agrees that Plaintiffs' conduct in this litigation merits dismissal, without prejudice, only if conditioned upon the payment of a portion of Defendant's costs and fees.

In the factually similar case of *Womack v. Home Depot U.S.A, Inc.*, another court in this district evaluated the defendant's request for a condition of reasonable fees and costs where the plaintiff failed to identify proper defendants and moved to dismiss without prejudice in order to re-file the claim in state court. 2007 WL 496660, at *3. The court determined that plain legal prejudice had not resulted[5] but nonetheless conditioned its grant of dismissal without prejudice on plaintiff paying defendant's reasonable fees and costs for work that would not translate to the state-court proceeding. *Id.* at *4–6. Similarly, in *Radiant Tech. Corp.*, despite the defendants' inability to prove plain legal prejudice, the court nevertheless conditioned dismissal on plaintiffs' payment of costs and fees attributable to defendants' pretrial preparation that would not translate to the pending state court action. 122 F.R.D. at 205. The court used a similar procedure in both cases to determine the amount of fees to be awarded. In *Womack*, because the plaintiff had not addressed the reasonableness of the fees and costs sought by the defendant, the court ordered the parties to "engag[e] in negotiations undertaken in utmost good faith and with a high degree of professionalism" to determine what amount would be reasonable. 2007 WL 496660, at *6. If the parties could not agree, each side would submit briefing supporting their position on what amount was reasonable, and the court would determine the amount of fees based on the parties' briefing. *Id.* at *7. Other decisions in this district have employed this procedure when conditioning voluntary dismissal on payment of reasonable fees. *See Ryan, Inc.*, 2011 WL 1639262, at *2 (conditioning dismissal on payment of reasonable fees and using the same procedure used in *Womack* to have the parties determine what amount would be reasonable); *Radiant Tech. Corp.*, 122 F.R.D. at 205–06 (same).

---

[5] Although the court's initial analysis states that it "concludes that Home Depot will suffer plain legal prejudice," it is clear from the remainder of the paragraph and opinion that the sentence should read "*will not* suffer plain legal prejudice. . . ." 2007 WL 496660, at *4.

The undersigned finds that this case warrants similar treatment. The court recounts only the necessary procedural history recited above to support its conclusion that Plaintiffs' excessive delays and lack of diligence warrant conditioning dismissal on payment of a portion of Defendant's cost and expense. *See Radiant Tech. Corp.*, 122 F.R.D. at 204–05. From the outset, Defendant has maintained that Plaintiffs sued the incorrect party. Specifically, Defendant denied in its answer, under oath, "that Plaintiffs sued the correct Defendant" (Def.'s Answer, at 1 ¶ 2), and further affirmatively averred that "decedent was not employed by FedEx Freight, Inc., and FedEx Freight, Inc. did not own the airplane in question." Def.'s Resp., App., at 6. Upon removal to this court, Defendant reiterated in its Certificate of Interested Persons that it was incorrectly named as a defendant and that Federal Express Corporation d/b/a FedEx Express was the proper defendant. ECF No. 2. On December 7, 2017, approximately two weeks following removal, the court entered its Initial Scheduling Order setting various pretrial dates, including April 20, 2018, as the deadline for party joinder and amending pleadings, and December 14, 2018, for concluding discovery. ECF No. 7.

Despite being placed on notice they likely had sued or named the incorrect party, Plaintiffs opted to file a motion to remand, necessitating the filing of a response by Defendant and ultimately a twenty-five page decision by this court confirming proper removal and jurisdiction over Plaintiffs' claims. *See* ECF Nos. 11, 15. During this time, and approximately ten days prior to the court issuing its ruling on Plaintiffs' motion to remand, Defendant served written discovery requests to Plaintiffs on April 6, 2018. After receiving the requests, Plaintiffs failed to timely respond, operating under the mistaken notion the court had not entered a scheduling order and believing discovery was "stayed" pending a ruling on their motion to remand. *See, e.g.*, ECF No. 16, at 1–4. Upon inquiry by defense counsel as to why Plaintiffs had not responded to the

15

discovery, Plaintiffs allege they only then became aware of the December 7 Scheduling Order and, as a result, subsequently filed a Motion to Modify the Scheduling Order, seeking an extension of all deadlines, but in particular the expired deadline for amending pleadings and joining additional parties. ECF No. 16, at 5–6. Defendant filed its responses and supporting appendix opposing Plaintiffs' motions (ECF Nos. 19, 20, 21) on May 30, and the court set these matters for hearing on June 12. ECF No. 22.

At the hearing, the court rejected Plaintiffs' argument that good cause existed to extend the deadlines due to counsel's lack of notice as to the court issuing a scheduling order due to "miscommunication" in counsel's office. The court noted that diligence required counsel, upon removal to federal court, at a minimum ensure that all ECF information was current with the clerk's office (as required by Local Rule 83.13(b)) and that counsel had taken all steps necessary to receive filings with the court. The court further found that reasonably diligent counsel, upon receiving written discovery from an opposing party when counsel believed discovery to be stayed, would make inquiry as to why the two attorneys' views of the procedural posture of the case differed. Despite the foregoing, and based primarily on Plaintiffs' argument that "without the adequate time to conduct discovery, and without the time to determine who all the parties were involved in this case, it would greatly prejudice the Plaintiffs" (Tr. at 2:04:48–2:05:02), the court extended by 30 days all remaining unexpired deadlines (including discovery), and revived the deadline for amending pleadings and joining parties for the express purpose of allowing Plaintiffs to identify and join the correct defendant. *See* ECF No. 28, at 1–2 (citing authority for proposition that failure to modify scheduling order to allow amendment "would have left [plaintiffs' case] dead in the water").

Rather than simply scheduling a deposition within the 30-day extension granted by the court to confirm the identity of the correct defendant, Plaintiffs instead served written discovery on Defendant, which would not even have ensured a response within the court's 30-day extension if Defendant had opted to serve its responses by mail. *See* Def.'s Resp., at 3; *supra* n.1. Approximately two weeks after receiving the discovery, Defendant's counsel inquired as to whether Plaintiffs intended to amend their pleadings and serve the written discovery on the correct party defendant. Def.'s Resp., at 3. Plaintiffs apparently refused (*id.*), and the record clearly demonstrates that, despite the court modifying the scheduling order based upon Plaintiffs' representation they needed the time to identify and sue the correct party, they have failed to do so.

As noted above, Defendant has not established, and Plaintiffs' conduct does not give rise to a finding of, plain legal prejudice—the court therefore cannot deny the motion outright. *See Womack*, 2007 WL 496660, at *4. Even so, the court can, in its discretion, require Plaintiffs to restore Defendant's position and remove any prejudice that may exist. *Id.*; *see Ryan, Inc.*, 2011 WL 1639262, at *2. Like in *Womack* and *Ryan, Inc.*, the chief prejudice Defendant would face upon an unconditional dismissal without prejudice would be the attorneys' fees and costs incurred in litigating a matter Plaintiffs have not pursued with diligence, thereby causing unnecessary delay for both the court and Defendant. The undersigned believes the imposition of a condition requiring Plaintiffs to pay part of Defendant's reasonable attorneys' fees and costs "would cure the prejudice." *Ryan Inc.*, 2011 WL 1639262, at *2. Plaintiffs' reliance on *John M. Crawley, L.L.C. v. Trans-Net, Inc.*, 394 F. App'x 76 (5th Cir. 2010) requires no different result. *See* Pls.' Mot. to Dismiss, at 7 (citing *Crawley* for the proposition that "there was no reason to condition" dismissal with attorney's fees where no dispositive motions had been filed, no depositions taken, and case had been pending only seven months). In this unpublished decision, it appears the Fifth Circuit

was addressing the issue of whether the defendant had established plain legal prejudice sufficient to justify denying or conditioning dismissal based on payment of costs. *See Crawley*, 395 F. App'x at 79 (contrasting procedural development of *Crawley* to *Hartford*, where court did find plain legal prejudice). In addition, the court did not hold that the facts *required* dismissal without imposition of costs—it simply found the district court did not abuse its discretion in refusing to impose the same. *Id.* For these reasons, the undersigned does not find *Crawley* controlling or that it requires the court to grant unconditional dismissal.

The court recognizes that some initial expenditure for fees and costs in defending this matter is normal and expected, and repayment of these expenses should not be imposed as a condition for granting Plaintiffs' motion. At some point, however, following Defendant's denial under oath that Plaintiffs had sued the correct party, Plaintiffs should have exercised greater diligence in pursuing this case as a general matter—and specifically in attempting to identify the correct party. Only then could Plaintiffs make a timely and informed decision as to their next course of action, e.g., to seek dismissal or continue on, rather than seeking dismissal after: (1) the court's extensive review of the propriety of removal; (2) the court conducting a hearing on Plaintiffs' motion to modify the scheduling order, for the express purpose of resurrecting the party joinder deadline for identifying and suing the correct defendant; and (3) Plaintiffs not pursuing discovery that would timely allow the proper naming or joinder of the correct defendant. Plaintiffs' conduct in pursuing this matter requires that the dismissal they seek be conditioned on Plaintiffs reimbursing Defendant a portion of its fees and expenses incurred in defending the action.

To address the issue of the amount of fees to be paid, the undersigned recommends the District Judge implement the following procedure: Because Plaintiffs have not addressed whether the amount Defendant requested is reasonable and necessary, the parties should "resolve by

agreement what those attorney's fees and expenses should be." *Womack*, 2007 WL 496660, at *6. If the parties can agree on this amount, they will advise the court through written stipulation filed within fourteen (14) days of the date the District Judge adopts this FCR, and the court should enter a conditional order of dismissal. If they cannot agree, Defendant must file a brief and supporting evidentiary appendix (or it may simply incorporate what it has already filed as an appendix to its response (ECF No. 32)) within twenty-one days of the date the District Judge adopts this FCR, should she choose to do so. Plaintiffs must file a brief and any supporting evidentiary appendix within twenty (20) days of the Defendant's filing, and Defendant may file a reply brief, but no additional evidence, within fifteen (15) days thereafter.

After the parties agree to, or the court calculates, the appropriate fees and expenses to be paid, Plaintiffs would have four options. First, they could accept the dismissal conditioned on payment of the amount agreed or determined by the court, in which case Defendant will have an enforceable judgment that it can execute. *Radiant Tech. Corp.*, 122 F.R.D. at 205 (citing *Yoffe*, 582 F.2d at 983). Second, Plaintiffs can decline to dismiss, decline to pay, and proceed with the litigation. *Id.* Third, they can accept the dismissal and decline to pay, and the court can dismiss this case with prejudice. *Id.* Fourth, they can withdraw their motion. *Id.* at 205–06.

### IV.   Recommendation

For the foregoing reasons, the undersigned **RECOMMENDS** that the District Judge **CONDITIONALLY GRANT** Plaintiffs' Motion to Dismiss (ECF No. 30) on the condition that Plaintiffs pay Defendant's reasonable costs and attorneys' fees, the amount of which should be determined through agreement of the parties or, if the parties cannot agree, by this court based on the briefs and evidence submitted by the parties in accordance with the procedure outlined above. If the District Judge adopts this recommendation, Plaintiffs will have four options: pay Defendant

the amount the parties agree to or that the court determines to be reasonable; proceed with litigating this case; accept dismissal with prejudice; or withdraw their motion to dismiss.

## V. Right to Object

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2016); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding, conclusion, or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: October 16, 2018

D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE